

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM LEE BAUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0032 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner WILLIAM LEE BAUM, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for indecency with a child, Cause No. 3669 out of the 100th Judicial District Court of Donley County, Texas. For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL BACKGROUND

On March 12, 2010, petitioner was convicted by a jury of indecency with a child and was sentenced to ten years confinement and a fine of $10,000. The court of appeals affirmed the conviction. *Baum v. State*, No. 07-10-00166-CR, 2011 WL 13506 (Tex. App.–Amarillo Jan. 4, 2011, pet. ref'd). Petitioner filed a state habeas corpus application in *Ex parte Baum*, No. WR-

78,471-01 on September 28, 2012. The Texas Court of Criminal Appeals granted relief in the form of giving petitioner the right to file an out-of-time petition for discretionary review (PDR). A petition was filed and was then refused. *In re Baum*, PD-1580-12 (Tex. Crim. App. April 17, 2013). Petitioner filed a second state habeas corpus application on June 20, 2013 and the state habeas corpus application was denied without written order on August 14, 2013. *Ex parte Baum*, No. WR-78,471-02 (Tex. Crim. App. August 14, 2013).

II.
## STATEMENT OF FACTS

Petitioner sets forth the following facts in his Memorandum in Support of his habeas petition:

> Applicant, William Lee Baum, was indicted by a Donley County grand jury on October 6, 2009, on one count of indecency with a child. The offense was alleged to have been committed in Donley County, Texas, on or about June 1, 2007. The complainant was [J.B].
> ...
>
> [J.B.] testified that when she was 8 years old, her grandpa (by marriage, not blood), the Applicant, took her to his truck and touched her "pecan" (vagina) with his right finger for two minutes to an hour. It was more than two years later that the complainant made an outcry to her mother []. [Her mother] testified that it was on June 11, 2009, that [J.B.] first told her about the "inappropriate" touching. Donley County Sheriff, Charles Edward Blackburn, Jr., testified that following a Bridge interview[1] with [J.B.] and a sexual assault nurse examiner (SANE) exam, he spoke with Applicant on June 16, 2009, after he came to Donley County on his own volition, and offered him the option of a polygraph examination.

(Dkt. 4 at 3, internal citations removed). After a trial, the jury returned a verdict of guilty for the offense of indecency with a child and assessed punishment at ten years of imprisonment and a fine of $10,000.

---

[1] The "Bridge" is a children's advocacy center where forensic interviews are conducted by trained professionals in child abuse situations.

III.
PETITIONER'S ALLEGATIONS

The Court understands Petitioner's claims to be:

1. He received ineffective assistance of trial counsel because counsel failed to:

   a. make a reasonable investigation of anyone in the community who had knowledge of the relationship between petitioner and the victim;

   b. timely object when the State sought to admit his written statement;

   c. seek out, investigate, interview or subpoena any potentially corroborating witnesses who could have supported a potentially effective defense and failed to advance any kind of potential defense;

   d. object to Agent Mull's erroneous assertion during trial that the case involved "sex with a child," and failed to request the statement be stricken from the record and disregarded by the jury;

   e. object to Agent Mull's inadmissible hearsay;

   f. argue that there was coercion involved in the writing of petitioner's statement which would have precluded its admission at trial, argue that Agent Mull admitted to coercion in obtaining petitioner's statement, or argue that petitioner's testimony at trial was not inadmissible hearsay;

   g. object when the trial court suggested to the State that Agent Mull be excused from subpoena then excused him, and failed to recall Agent Mull so that petitioner's testimony at trial would not be considered inadmissible hearsay; and

   h. object to the trial court's judicial misconduct.

2. He received ineffective assistance of appellate counsel because counsel failed to include ineffective assistance of trial counsel as a claim on appeal and failed to inform petitioner of the court of appeal's decision requiring petitioner to seek an out-of-time petition for discretionary review;

3. He is actually innocent in that his original written statement obtained by Department of Public Safety agents was coerced and then he was coerced again into adding written verbiage causing the statement to appear to be a confession; and

    4.    There was judicial misconduct/abuse of discretion where the trial court denied the motion to suppress, erroneously suggested to the prosecution that Agent Mull be excused, then excused him from his subpoena after he testified, causing petitioner's statement to be considered inadmissible hearsay.

The Court will address the merits of the ineffective assistance of trial counsel claims 1(a) and (c), and claims 2 and 3. Claims 1 (b) and (d) - (h) as well as claim 4 are unexhausted and unless the merits of those claims are addressed in some manner as part of the analysis of the exhausted claims, the merits of the unexhausted claims will not be addressed.

## IV.
## STANDARD OF REVIEW

### A. Federal Habeas Corpus Relief - 28 U.S.C. § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to or involved an unreasonable application of clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated on the merits, when it denied petitioner's application for state habeas relief without a written order, the claims petitioner presents in his federal habeas corpus petition with the exception of six of the ineffective assistance of trial counsel claims and the judicial misconduct claim. *Harrington v. Richter*, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). As to those claims which the state court adjudicated, petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state

court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden. Review of petitioner's non-procedurally barred claims confirms this petition should be denied.

### B. Exhaustion of Claims in State Court

Section 2254(b) states "a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by a petition for discretionary review in the course of a direct appeal or through a post-conviction writ application under Tex. Code Crim. Proc. art. 11.07. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). The claim must be presented in state court in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

If a petitioner has not presented a claim to the state court, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996). Although normally a state court must explicitly apply a procedural bar in order for review to be barred in federal court, that rule

> [d]oes not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. *See Harris v. Reed*, 489 U.S. 255, 269-270 ... (1989) (O'Connor, J., concurring); *Teague v. Lane*, 489 U.S. 288, 297-298 ... (1989).

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

The Fifth Circuit has consistently found unexhausted claims, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, are procedurally barred in federal court. *See, e.g., Ogan v. Cockrell*, 297 F.3d 349, 358 n.6 (5th Cir. 2002); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001); *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998) (Texas abuse-of-the-writ doctrine is regularly and strictly applied); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (dismissal is independent and adequate state bar). Petitioner did not present sub-parts (b) and (d) through (h) of his first claim of ineffective assistance of trial counsel, and he failed to present his fourth claim of judicial misconduct/abuse of discretion to the state court. (*See* Dkt. 13-17 at 32-34). These claims are unexhausted and are procedurally barred and relief on them cannot be granted.[2]

### V.
### MERITS OF PETITIONER'S ALLEGATIONS

*A. Ineffective Assistance of Trial Counsel*

In his first claim, sub-parts (a) and (c), petitioner contends his attorney was ineffective. The proper standard for judging these claims is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the

---

[2] To the extent petitioner argues he should be allowed to present the defaulted claims of ineffective assistance of trial counsel under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), which was extended to Texas under *Trevino v. Thaler*, 569 U.S. 1911, 133 S. Ct. 1911, 185 L. Ed. 2d 1044(2013), petitioner's argument fails. *Martinez* and *Trevino* provide that the lack of counsel or ineffective assistance of counsel during a state habeas proceeding can excuse a procedural default with regard to substantial claims of ineffective assistance of trial counsel *Id.* Petitioner's claim of ineffective assistance of trial counsel, however, is not "substantial" as required by *Martinez* and *Trevino*, and is procedurally barred.

attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong

of the *Strickland* test, the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* 571 U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013). Petitioner's ineffective assistance of trial counsel claims, Claim 1, sub-parts (a) and (c), were adjudicated on the merits in a state court proceeding, and the denial of relief by the state court was based on a factual determination that will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell,* 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). A state-court factual determination is not unreasonable merely because the federal court would have reached a different conclusion in the first instance. *Burt,* 134 S. Ct. at 15. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct and a petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Canales v. Stephens,* 765 F.3d 551, 563 (5th Cir. 2014). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Singleton v. Johnson,* 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

In his first claim, petitioner contends he received ineffective assistance because trial counsel failed to conduct a reasonable investigation. Specifically, petitioner contends counsel

failed to locate and/or investigate anyone in the community who had knowledge of the relationship between petitioner and the victim (sub-part (a)), and failed to seek out, investigate, interview or subpoena any potentially corroborating witnesses who could have supported a potentially effective defense and that counsel failed to advance any kind of potential defense (sub-part (c)).

Petitioner further argues trial counsel made no effort to investigate petitioner's mental state, despite the fact counsel was aware petitioner had recently lost his wife of over twenty-eight years when he was initially interviewed [by DPS] and when he made his "coerced" statement. (Dkt. 4 at 9). Petitioner argues that although his counsel hired an investigator, the investigator failed to investigate people and school officials in the community to establish the relationship between petitioner and the victim in order to possibly impeach the victim. (Dkt. 4 at 16). In support of his argument petitioner references an incident in which the victim was very upset that she had to ride a bus to attend a school outing in Amarillo, Texas instead of riding with petitioner. According to petitioner, this incident occurred just two months prior to the victim's outcry statement to her mother and shows that the victim was "clearly" not in fear of petitioner. (Dkt. 4 at 16-17).

Petitioner's general allegations that trial counsel failed to obtain witnesses to testify are too vague and conclusory and as such, do not present a constitutional issue. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.2000) (citing *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983)). Even if petitioner is correct, and there were witnesses who could have testified about the subjects petitioner identified and could have been used to impeach the victim's testimony, petitioner has not set out, with requisite specificity, the testimony these witnesses would have offered and how

that testimony would have been used to impeach the victim's testimony. Petitioner BAUM has not submitted any affidavits from these purported witnesses showing what their testimony would have been or how the lack of such testimony has prejudiced him. In fact, even petitioner's allegation is non-specific in that he alleges there were witnesses who "possibly" could offer impeachment evidence.

Further, as articulated by respondent, petitioner BAUM's claim that the investigator should have canvassed the community in the hope of finding some corroborating witnesses who could possibly impeach the victim's testimony or "swung the case" demonstrates speculation at best. Complaints of uncalled witnesses are also not favored because they are considered trial strategy and strategic choices, made after a thorough investigation of both the law and facts, are "virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. Petitioner has not met this burden with regard to these ineffective assistance of trial counsel claims. The Court finds that such claims are without merit and should be denied.

### B. Ineffective Assistance of Appellate Counsel

In a claim of ineffective appellate counsel, a petitioner must still satisfy the two-prong test of *Strickland v. Washington*. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). To establish deficient performance, a petitioner must show that counsel unreasonably failed to discover and raise nonfrivolous issues. *Id.* To establish prejudice, the petitioner "must show a reasonable probability that, [but for counsel's error], he would have prevailed on appeal." *Id.* at 285-86 (citing *Strickland,* 466 U.S. at 694). To do this, he must

show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.* at 288. In this case, petitioner has alleged appellate counsel was deficient because appellate counsel failed to raise a claim of ineffective assistance of trial counsel and failed to notify petitioner of the state court of appeal's decision causing him to have to request and file an out-of-time PDR.[3]

On appeal, petitioner's counsel raised one issue, that the trial court erred in denying a motion to suppress petitioner's statement to law enforcement officers. Petitioner now claims appellate counsel's failure to raise the additional claim of ineffective assistance of trial counsel, such claim being "clearly" supported by the trial court record, constituted ineffective assistance of appellate counsel. Appellate counsel's focus on one issue, and winnowing out weaker arguments, is not evidence of incompetence but instead is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667, 91 L. Ed. 2d 434 (1986) citing *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 3312-3313, 77 L.Ed.2d 987 (1983). Moreover, petitioner has failed to provide adequate support of his allegation that his ineffective assistance argument was, in his words, a "dead-bang" winner. The Texas Court of Criminal Appeals has held as a matter of state law that the more appropriate vehicle for an ineffective assistance claim is a state habeas corpus petition. "Generally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the

---

[3] Petitioner has attempted to raise an additional claim in his Reply to respondent's Answer, that appellate counsel failed to file a motion for a new trial based upon ineffective assistance of trial counsel and judicial misconduct. (Dkt. 4 at 47). However, this issue was not raised in his state habeas petition or in his original federal habeas application, is procedurally barred and leave to amend his federal petition has not been timely granted. (*See* Dkt. 13-17 at 33).

appropriate vehicle to investigate ineffective-assistance claims." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). In petitioner's case, he presented his ineffective assistance claim at state habeas review and it was rejected. Petitioner has not provided to this Court any argument of substance supporting his claim that appellate counsel was ineffective or which would show the state habeas court erred in denying his ineffective assistance of trial counsel claims.

As to petitioner's claim that counsel failed to notify him of the court of appeal's decision causing him to request and file an out-of-time PDR, petitioner has failed make the required showing of prejudice. **Petitioner was granted an out-of-time PDR.** Any harm he might have suffered was corrected. Petitioner's ineffective assistance of appellate counsel claims are without merit and should be denied.

*C. Actual Innocence*

Petitioner BAUM claims he is actually innocent of this crime because he was coerced by Agent Mull to add several sentences to his voluntary statement. The inculpatory additions petitioner references are that petitioner included a sentence that in the course of spanking J.B. his middle finger went between her legs and touched her vagina. Petitioner claims this additional sentence caused his voluntary statement to become involuntary.

A freestanding actual innocence claim is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). The only time the federal habeas corpus court can consider an actual innocence claim is when the petitioner is attempting to have the Court review the merits of an otherwise procedurally barred claim. *See Schlup v. Delo*, 513 U.S. 298, 314, 115 S.Ct. 851, 860, 130 L.Ed.2d 808 (1995).

Although petitioner has several unexhausted claims, he has not identified any particular unexhausted claim he seeks to present under an "actual innocence" exception.

Actual innocence means "factual innocence and not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In order to establish actual innocence, petitioner must show, "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him'" *Id.* (quoting *Schlup*, 513 U.S. at 328)).

A credible claim that constitutional error has resulted in the conviction of an innocent person is rare and "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Not only must a petitioner have a truly persuasive basis for relief, but the Supreme Court has also established "federal habeas relief would only be available if there is no state procedure for making such a claim." *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003).

The crux of petitioner's argument centers on his contention that his statement, in its ultimate form, was coerced by Agent Mull.[4] Testimony was elicited at trial from Agent Mull, who was a polygraph examiner with the Texas Department of Public Safety. Agent Mull testified the polygraph test administered to petitioner had indications of deception, that petitioner BAUM was advised of these indications and that petitioner, "admitted that he had previously lied, and admitted that he had touched the victim's vagina." (Dkt. 13-11 at 19). Agent Mull testified about the statement written by petitioner including the paragraph that read, "In the

---

[4]The Court considers petitioner's argument to be that he was coerced into giving a false confession. An inculpatory statement that was true, even if coerced in some manner, would not *per se* establish actual innocence.

course of spanking her, my right middle finger went between her legs and touched her vagina. This was not intentional. I had no intention of touching her in any way other than for discipline." (Dkt. 13-11 at 22). Agent Mull testified he did not coerce petitioner when petitioner was writing his statement. Further, it has not been shown that the statement was coerced. Not only did the trial court deny petitioner's motion to suppress this statement, the jury had an opportunity to consider this evidence at trial and determine the credibility of Agent Mull and of petitioner.

To the extent petitioner complains he was precluded from testifying, because of multiple hearsay objections, about the intimidation and coercion used by Agent Mull, including statements made by Agent Mull to petitioner, his claim is without merit. Petitioner was permitted to testify about his recollection of the interrogation including testimony that Agent Mull did not sit down for a lot of it, instead standing over and looking down upon petitioner, that Agent Mull led petitioner to belief that an accidental touching of a child during a bath or spanking was enough to find a person guilty of indecency with a child, that Agent Mull called him a liar and used a loud voice, that Agent Mull intimidated him, and that Agent Mull stated, "Hey, you touched her. You've got to say you touched her," which led to petitioner to add several sentences to his statement including that in the course of spanking J.B. his finger went between her legs. (Dkt. 13-12 73-74). Although there were multiple objections regarding petitioner's testifying as to what Agent Mull had said, petitioner was still able to testify about the circumstances of giving his statement. In fact, when questioned by trial counsel, petitioner was able to testify that when he added the additional sentences he was in a "pretty bad state" and therefore omitted the words "if" and "may" *i.e.* he would have said, "*If* in the course of spanking her, my right middle finger went between her legs, I *may* have touched her." (Dkt. 13-12 at 74, emphasis added). To the

extent petitioner argues he is innocent because his actions were not intentional, that claim was presented at trial. Petitioner has provided no new/newly discovered evidence to support a claim of actual innocence. To the extent petitioner's argument relates to his unexhausted claim of ineffective assistance of counsel for failing to require Agent Mull to remain at court for additional cross-examination, he has not shown any additional cross-examination would have been beneficial or would have elicited any more information than was already before the jury. Petitioner has not demonstrated any such cross-examination would have actually benefitted him. Agent Mull had already testified there was no coercion and petitioner has not shown he would have changed that testimony. Petitioner has not shown, in light of all the evidence, that it was more likely than not that no reasonable juror would have convicted him.

Petitioner has not shown an independent constitutional violation, and accordingly, his claim of actual innocence does not present a ground for federal habeas relief. *See Herrera*, 506 U.S. at 400.

### D. Unexhausted Claims

As previously stated, petitioner also presents multiple claims of ineffective assistance of trial counsel set forth as subparts (b) and (d) through (h) of this first claim as well as a claims of judicial misconduct in his fourth claim. These claims were not presented to the state court. (*See* Dkt. 13-17 at 32-34). These claims are unexhausted and are procedurally barred from review by this Court.

## VI.
## RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal

habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIAM LEE BAUM, be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___10th___ day of February 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***
Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).